FILED BY ⧸⧸⧸ D.C.

05 MAY -9 PM 12:07

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JOHN FELIX GREER, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 04-2839-B/V |
| J. PATTEN BROWN, III, | X X | |
| Defendant. | X X X | |

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff John Felix Greer, an inmate at the West Tennessee Detention Facility in Mason, Tennessee (WTDF)[1] has filed this complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. The Clerk shall record the defendant as J. Patten Brown, III.

I.   ASSESSMENT OF FILING FEE

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the

---

[1]   The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 5-11-05

3

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted both an *in forma pauperis* affidavit and a prison trust fund account statement showing:

1) the average monthly deposits, and
2) the average monthly balance

for the six months prior to submission of the complaint, and

3) the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order the plaintiff properly complete and file both an *in forma pauperis* affidavit and a trust fund account statement showing the above amounts. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's

account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 Federal Building, 111 S. Highland, Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

3

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. ANALYSIS

On October 18, 2004, Greer filed this complaint on a form designed for raising claims under 42 U.S.C. § 1983. He sues J. Patten Brown, III, an assistant federal defender who was appointed to represent him in a pending federal criminal prosecution in this district. United States v. Greer, No. 04-20009-D. Assistant Federal Defenders do not act under color of state law. West v. Atkins, 487 U.S. 42, 55-57 (1988). Accordingly, the Court construes the claims against Brown under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971).

> In Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), the Supreme Court established that victims of a constitutional violation committed by a federal agent may recover damages against a federal official despite the absence of a statute conferring the right to recover damages.

Jones v. TVA, 948 F.2d 258, 262 (6th Cir. 1991)(emphasis added).

In order to state a Bivens claim, plaintiff must allege action under color of federal law. A public defender, whether state or federal, does not act under color of law for purposes of a civil

4

rights damages claim. McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979). See also Polk County v. Dodson, 454 U.S. 312 (1981). Plaintiff thus has no claim against Brown under either the various civil rights statutes or Bivens.

Greer has no claim against his attorney for malpractice or failing to provide adequate representation. In Gibson v. Trant, 58 S.W.2d 103 (Tenn. 2001), the Tennessee Supreme Court addressed the standards applicable to criminal defendants who seek to bring legal malpractice claims against the attorneys who represented them in the criminal proceeding. That case established an absolute condition precedent to the bringing of a legal malpractice claim against a criminal defense attorney:

> Based on principles of equity, tort law, post-conviction law, and public policy, we hold that a criminal defendant must obtain post-conviction relief in order to maintain a legal malpractice claim against his defense lawyer.

Id. at 116. Because the plaintiff in Gibson had not prevailed on his motion pursuant to 28 U.S.C. § 2255, the court affirmed a summary judgment in favor of the defendant. Id. Moreover, the court did not limit its dismissal to the plaintiff's legal malpractice claim but, instead, also dismissed his related tort claims, including claims for gross negligence and fraud. The court explained that "[a] close reading of his complaint reveals that none of these allegations involve any facts apart from those underlying his malpractice claim, namely, the circumstances surrounding the alleged involuntariness of his plea." Id. Similarly, in the event that Greer is convicted in the pending

5

prosecution, he cannot bring an action for legal malpractice against his former attorney until he successfully invalidates his federal conviction.

Accordingly, plaintiff's claims against Brown fail to state a claim upon which relief can be granted and are dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, if plaintiff is convicted, the proper course for litigation of his claim that his conviction is invalid because of ineffective assistance of counsel is to take a direct appeal or to file a motion to vacate under 28 U.S.C. § 2255 motion after the conclusion of his direct appeal.

III.  Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Accordingly, it would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.

6

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim.

IT IS SO ORDERED this 6th day of May, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-02839 was distributed by fax, mail, or direct printing on May 11, 2005 to the parties listed.

---

John Felix Greer
WEST TENNESSEE DETENTION FACILITY
P.O. Box 509
Mason, TN 38049

Honorable J. Breen
US DISTRICT COURT